UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

RITA DOTSON WATKINS AND OTHERS                                                    Plaintiffs

v.                                                                    Civil Action No. 1:23-cv-00088-RGJ

THE COMMONWEALTH OF KENTUCKY, *et al.*                                          Defendants

\* \* \* \* \*

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Rita Dotson Watkins's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff filed her Complaint on a Court-approved form. [DE 1]. Plaintiff names as Defendants Commonwealth of Kentucky, Landlord of Northbrook Kentucky Debra Brine, Attorney Lindsay Tate Porter, Warren District Court Judge Brent Potter, and Warren County District Judge John Brown. [*Id.* at 1–3]. Plaintiff asserts federal-question jurisdiction based on alleged violations of the Fourteenth Amendment to the United States Constitution, "HUD CFR-200 Title 42 Ch. 130 Sec. 231," "HUD CFR-200 Title 42 Ch. 130 Sec. 212," and the Federal Fair Housing Act, 42 U.S.C. §§ 3601–3631. [DE 1 at 4].

Plaintiff resides in a mobile home park owned and operated by Northbrook Kentucky ("Northbrook"). Plaintiff lists Defendant Brine as the landlord of Northbrook and Defendant Porter as the attorney for Northbrook. A review of the attachments to Plaintiff's Complaint reflects that on May 31, 2023, Northbrook filed an eviction notice in the Warren County District Court, Case No. 23-C-01622. [DE 1-1 at 4]. Northbrook's state-court complaint states that Plaintiff had failed to pay rent from August 2022 to May 2023. [*Id.* at 3]. Defendants Potter and Brown are

the judges that have presided over the state-court eviction proceedings. [DE 1, DE 1-1]. Plaintiff under "Statement of Claim" states:

> Would the Commonwealth of Kentucky be substantially justified under partnership with Northbrook Community Trailer Park d/b/a Northbrook MHC and Capital Funding in bringing multiple state enforced eviction proceedings against tenant trailer buyers through dual rent/lease to buy contracts under color of KRS 383.210 and KRS 371.010.

[DE 1 at 5].

As relief, Plaintiff seeks monetary damages and "emergency injunction barring defendants of pursuing further action." [*Id.* at 6].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Other Plaintiffs

Plaintiff alleges claims on behalf of others who live with her and who have "rented to own" trailers from Northbrook. Plaintiff, as a non-lawyer, cannot bring a claim on behalf of others. Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Nance v. Mayfield Plaza Apartments Mgmt.*, No. 5:22-CV-P164-JHM, 2023 WL 3854911, at *3 (W.D. Ky. June 6, 2023).

#### B. Fair Housing Act

Congress passed the Fair Housing Act as Title VIII of the Civil Rights Act of 1968 to prohibit housing discrimination on the basis of race, gender, and national origin. In 1988, Congress

3

passed the Fair Housing Amendments Act, which expanded the coverage of the Fair Housing Act to include people with disabilities. *Larkin v. State of Mich. Dep't of Soc. Servs.*, 89 F.3d 285, 288 (6th Cir. 1996). The Fair Housing Act prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith[ ]" on the basis of that person's race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604(b), (f). Under the Fair Housing Act, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.

The Fair Housing Act does not cover the eviction of a person for failure to pay rent. Instead, as discussed above, the Act's terms are restricted to discrimination in renting or selling "because of race, color, religion, sex, familial status, or national origin," or because of a person's handicap. 28 U.S.C. § 3604(a)–(e), (f); *see also* § 3605(a). Plaintiff does not indicate why she is entitled to relief under the Fair Housing Act or how the Act applies to her case. *Grace v. K and D Grp., Inc.*, No. 1:13-CV-1870, 2014 WL 296926, at *4 (N.D. Ohio Jan. 27, 2014). "To satisfy the basic notice pleading requirements of Federal Civil Procedure Rule 8, the Plaintiffs must include factual allegations in the Complaint that are sufficient to raise the right to relief above the speculative level." *Id.* While Plaintiff is "not required to include detailed factual allegations, [she] cannot simply cite a statute and claim the Defendant violated it without providing some factual basis for this statement." *Id.* (citing *Iqbal*, 556 U.S. at 678); *see also Weese v. RHP Properties*, No. 1:22-CV-1168, 2023 WL 1073402, at *3 (W.D. Mich. Jan. 5, 2023). Because Plaintiff's

Complaint is written solely as a legal conclusion unsupported by facts, it fails to state a claim upon which relief may be granted.

### C. HUD Regulations

Plaintiff lists "HUD CFR-200 Title 42 Ch. 130 Sec. 231" and "HUD CFR-200 Title 42 Ch. 130 Sec. 212" as a basis for federal question jurisdiction. [DE 1 at 4]. It is well settled law that there is no private cause of action pursuant to any Department of Housing and Urban Development ("HUD") regulation. *See Letvin v. Lew*, No. 13-12015, 2014 WL 2865143, at *4 (E.D. Mich. June 24, 2014) (citing *Fed. Nat. Mortgage Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) (holding "no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies."); *Tanner v. Wells Fargo Bank, N.A.*, No. 1:20-CV-01104, 2020 WL 7263292, at *4 (N.D. Ohio Dec. 10, 2020); *Brooks v. First Franklin Fin. Corp*, No. 3:17-0953, 2018 WL 4677844, at *5 (M.D. Tenn. Apr. 13, 2018). Having identified no private right of action, Plaintiff fails to state a claim upon which relief may be granted.

### D. 42 U.S.C. § 1983 Claims

Plaintiff alleges that Defendants violated her Fourteenth Amendment rights in initiating and permitting the eviction proceedings held in Warren District Court. Claims for violations of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351

(6th Cir. 2001) (citation omitted).  Two elements are required to state a claim under § 1983.  *Id.* (citations omitted).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. Commonwealth of Kentucky

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law.  *See* 42 U.S.C. § 1983.  A state and its agencies are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, Plaintiff fails to state a cognizable claim against the Commonwealth of Kentucky.

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Commonwealth of Kentucky.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); s*ee also Sanderson v. Healey*, No. 3:18CV-P35-CRS, 2018 WL 3232802, at *3–4 (W.D. Ky. July 2, 2018).

Therefore, Plaintiff's action against the Commonwealth of Kentucky will be dismissed for failure to state a claim upon which relief can be granted and for seeking relief from a defendant who is immune from such relief.

### 2. Judges Potter and Brown

#### a. Absolute Immunity

Plaintiff's claims against Defendants Judges Potter and Brown are subject to dismissal because these Defendants enjoy immunity for their alleged conduct in Plaintiff's state-court action. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him . . . [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. And while Plaintiff may take issue with these Judges' decisions related to her eviction proceedings, all of the allegations concern judicial actions taken in their capacity as judges. Thus, because Plaintiff's allegations against Judges Potter and Brown relate solely to actions taken in their judicial capacity, Plaintiff's individual-capacity claims against them are subject to dismissal for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

### b. Abstention Doctrine

Plaintiff also seeks to have this Court interfere with the decisions of the state court in the eviction proceeding by granting her injunctive relief against these Defendant Judges. To the extent that Plaintiff seeks this Court's involvement in an ongoing state-court eviction proceeding [DE 1 at 6], *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The Younger abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). To the extent that an eviction proceeding is still pending, all three factors supporting abstention are present in this case. The matters presented in the Complaint are clearly the subject of a state housing matter, which is a state interest. *See Askew v. Ambrose*, No. 3:16-CV-798-CRS, 2017 WL 240086, at *3 (W.D. Ky. Jan. 19, 2017) (citing *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1, 75 F. App'x 996 (6th Cir. Sept. 24, 2003). There is no indication that constitutional claims could not be raised in that context.

To the extent that Plaintiff is challenging state-court eviction proceedings that are no longer pending [DE 1], under the *Rooker-Feldman* doctrine, "a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 WL 2270707, at

8

*2 (W.D. Ky. June 3, 2021); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The "doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). "Plaintiff cannot seek to undo the outcome of the state court eviction proceeding in this Court." *Higgs*, 2021 WL 2270707, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49-JHM, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021).

Therefore, Plaintiff's request for injunctive relief from the state court eviction proceedings must be dismissed because it fails to state a claim for which relief can be granted.

### 3. Defendants Brine and Porter

In as much as Plaintiff brings § 1983 claims against Defendants Brine and Porter, these claims fail. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendants Brine and Porter are private actors. *See Santiago v. Chill*, No. 3:21-CV-720-RGJ, 2023 WL 2355903, at *4 (W.D. Ky. Mar. 3, 2023) (citing *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (concluding landlords are not state actors)); *Benford v. Smith*, No. 1:04-CV-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding that private landlords participating in the HUD's Section 8 housing program are not considered state actors and thus cannot be liable under section 1983); *Adams v. Jones*, No. 3:16-CV-P90-CRS,

9

2016 WL 4257368, at *5 (W.D. Ky. Aug. 11, 2016) (private attorney does not act under color of state law).

Therefore, Plaintiff's claims against Defendants Brine and Porter will be dismissed for failure to state a claim for which relief can be granted.

### IV.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 25, 2023

*Rebecca Grady Jennings, District Judge*
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
A960.014